[Civ. No. 19543. Second Dist., Div. Two. May 26, 1953.]

JOHN C. KOPASZ, as Executor, etc., Appellant, v. ISABEL GERTRUDE JACKMAN WYMER, as Executrix, etc., Respondent.

Elmer Low for Appellant.

Hahn & Hahn and David K. Robinson for Respondent.

McCOMB, J.—From a judgment in favor of defendant predicated upon the sustaining of her demurrer to plaintiff's fourth amended complaint in an action to recover damages for breach of contract, plaintiff appeals.

The gist of the attempted cause of action alleged in the pleading is that by the last will of Lee Canfield, deceased, he left his entire estate, one-third to his wife, Alice F. Canfield, one-third to his daughter, Marvel, and one-third to his daughter, Dorothy. After his death various disputes had arisen between the plaintiff's testatrix, Marvel I. Kopasz, and Lee Canfield's widow, Alice, respecting the ownership of certain property, as to whether it was the separate property of Alice Canfield or whether it was the property belonging to the estate of Lee Canfield. In settlement of such dispute the parties entered into an agreement reading as follows:

"It is hereby agreed by and between Alice F. Canfield and Marvel I. Kopasz, both of the City of Pasadena, County of Los Angeles, State of California, that in the distribution of the Estate of Lee Canfield, deceased, Marvel I. Kopasz shall receive an amount equal to one-third (1/3) of the net estate (wherever situate) available for distribution, together with one-third (1/3) of the property listed as the separate property of Alice F. Canfield, and one-sixth (1/6) of the net sums recovered by Alice F. Canfield predicated upon the theory of gifts of community funds by the deceased.

"Alice F. Canfield agrees to pay Marvel I. Kopasz one-sixth (1/6) of the net sums recovered by her, immediately upon recipt of same, and upon distribution or partial distribution in the estate proceedings to pay Marvel I. Kopasz a sum in an amount, which together with the sum distributed to Marvel I. Kopasz, equals (1/3) of the total estate distributed.

"The purpose of this agreement is to eliminate any possible conflict of interest which might arise concerning assets of the estate, or assets transferred by the decedent during his lifetime by reason of the fact that Alice F. Canfield is the widow of decedent and Marvel I. Kopasz is a daughter of decedent.

"Dated at Pasadena, California, this 13th day of September, 1949."

The complaint also states that during the lifetime of Alice F. Canfield plaintiff made demand on her for delivery of the one-third of the property referred to in the aforementioned agreement but that she refused to deliver said property to plaintiff to his damage in the sum of $43,833; that Alice F.

Canfield died and a claim was filed with her estate which was duly rejected, whereupon plaintiff prays judgment against the estate of said Alice F. Canfield in the sum of $43,833.33 with interest.

Plaintiff's complaint having been amended four times the trial court sustained without leave to amend a general demurrer to the fourth amended complaint.

The sole issue necessary for us to determine is *whether the complaint stated a cause of action.*

▆ This question must be answered in the negative and is governed by this pertinent rule:

A contract in which one or more parties agree for a valuable consideration to extend or withhold affirmative action as an aid in cutting off the rights of a legatee or devisee or other party not a party to the agreement will not be enforced by the courts because it is against public policy and therefore void. (*Gugolz* v. *Gehrkens,* 164 Cal. 596, 603 [130 P. 8, 43 L.R.A.N.S. 575]; *Scott* v. *Beams,* 122 F.2d 777, 784; vol. II, Restatement of the Law of Contracts, 1932, p. 1082, § 577.)

Applying the foregoing rule to the facts alleged in the amended complaint it is evident that the effect of the agreement between plaintiff and Alice Canfield was to provide that plaintiff would get one-third of the property listed as the separate property of Alice Canfield which was not actually inventoried in the estate of Lee Canfield and subject to distribution thereunder. The effect of this agreement would be to deprive Dorothy O. Eastman, one of the legatees under the will of Lee Canfield, and not a party to the agreement, of her interest in the disputed property and likewise to deprive the probate court administering Lee Canfield's estate from properly performing its duties, and deprive the State of California and the United States government of taxes properly due on said property.

It is thus clear that the agreement was void as against public policy and the trial court properly sustained the demurrer to the pleading without leave to amend.

In view of our conclusions it is unnecessary to discuss other points raised by counsel.

Affirmed.

Moore, P. J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 22, 1953. Carter, J., was of the opinion that the petition should be granted.